```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| JOHNNY COLLINS, : | |
|     Plaintiff : | |
| vs. : | CIVIL NO. 1:CV-08-0744 |
| WARDEN DOMINICK L. DEROSE, : | |
| et al., | |
|     Defendants : | |

*M E M O R A N D U M*

*I.   Introduction*

Johnny Collins, an inmate housed at the Forest State Correctional Institution ("SCI-Forest"), filed this pro se civil-rights action pursuant to 42 U.S.C. § 1983 against multiple named and unnamed Defendants.  We are considering Defendants (1) C.O. Fred Wright, (2) C.O. Mike Venneri, (3) C.O. Scott Barlick, (4) C.O. Rowe, (5) C.O. Scott Richmond, (6) C.O. Tim Manwiller, (7) C.O. Gerald Walton, (8) C.O. Richard Tuttle, (9) Warden DeRose, (10) Leonard Carroll, (11) Major Dennis Stewart, (12) C.O. Bradley Osenga, (13) C.O. Hoerner, (14) C.O. Roell, (15) L.T. Steve Smith, (16) C.O. Mike Miller, (17) L.T. Neidigh, (18) C.O. Swords, (19) C.O. Joseph Hoose, (20) C.O. Juanita O'Brien, (21) L.T. Carnazzo, and (22) Richard Tuttle's motions to dismiss filed pursuant to the Federal Rules of Civil Procedure 12(b)(6).  For the reasons discussed below, we will grant the motions as to some Defendants and deny them as to others.  We will partially grant Defendants Emanual Rose and Joseph Hoose's motions to dismiss.

*II.   Background*

On April 22, 2008, Plaintiff charges, among other things, that correctional officers at the Dauphin County Prison ("DCP") used excessive force against him and that he was harassed at SCI-Camp Hill after he was charged with aggravated assault on a police officer.  There currently appear to be three grounds for relief, namely: (1) excessive force and lack of medical care beginning on April 16, 2006, while Plaintiff was an inmate at the DCP; (2) strip searches at the prison on April 16, 2006 and June 21, 2007; (3) Harassment when Plaintiff was later incarcerated at SCI-Camp Hill.

On June 6, 2008, we dismissed a number of Defendants from the action with prejudice, while we permitted the Plaintiff leave to amend his complaint as to others.  On August 19, 2008, Plaintiff filed an Amended Complaint.  On September 9, 2008, we issued an order reinstating some Defendants and dismissing others from the action.  We also dismissed the verbal abuse claims against Defendants Smith, Carnazzo and Tuttle.  On November 26, 2008, the Defendants filed the instant motion to dismiss.

*III. Discussion*

   *A.   Standard of Review*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must accept as true any factual allegations in the complaint.  *Morrison v. Madison Dearborn*

*Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Although a court assumes all reasonable factual inferences in the light most favorable to the plaintiff, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Buchanan v. Gay*, 491 F. Supp.2d 483, 491 (D. Del. 2007) (quoting *Amiot v. Kemper Ins. Co.*, 122 Fed. Appx. 577, 579 (3d Cir. 2004)). We will grant the motion to dismiss if it is clear that relief could not be granted under "any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397-98 (3d Cir. 1997)). "While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations ommitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp,* 127 S.Ct. at 1965.

    *B. Exhaustion under the Prison Litigation Reform Act*

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983...or any other Federal Law, by a prisoner

confined in any...correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Ray v. Kertes,* 285 F.3d 287, 289 (3d Cir. 2002), the Third Circuit held that the failure to exhaust under the PLRA is an affirmative defense to be pleaded by the defendant. *Id.* at 295. The Court reasoned that "[P]rison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison to prisoners." *Id.* (citations omitted). The Court of Appeals recognized, in appropriate cases, the possibility that future defendants may be able to raise failure to exhaust as the basis of a 12(b)(6) motion, where there is clear supporting evidence which cannot be overcome. *Id.* at n.8.

Defendants argue that the Plaintiff has not alleged that he exhausted administrative remedies. Their argument, however, fails to recognize that they have the burden of proving lack of exhaustion. Plaintiff is a prisoner who does not have access to the administrative records at DCP, and he has since been transferred to SCI-Camp Hill. While *Ray* recognized the possibility of success on a 12(b)(6) motion for failure to exhaust in appropriate situations, this is not such a situation. Defendants have the burden of proving that Plaintiff has not exhausted his administrative remedies. At this time, they have failed to meet their burden. Therefore, Defendants' failure to exhaust argument will be denied.

*C.  Statute of Limitations*

Defendants Wright, Venneri and Barlick argue that the applicable statute of limitations bars Plaintiff's claims against them.  Pls.' Br. In Supp. at 7.  They argue that the statute of limitations began to run on April 16, 2006, the date of the alleged assault.  Collins did not file his original complaint until April 22. 2008, two years and six days after the purported assault.

For claims brought pursuant § 1983, federal courts must apply the statute of limitations for analogous state actions. *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  Section 1983 claims are analogous to personal injury tort actions and are subject to the state statute of limitations governing such claims.  *287 Corporate Ctr. Assocs. v. Township of Bridgewater*, 101 F.3d 320, 323 (3d Cir. 1996).  The governing law here is Pennsylvania's two-year statute of limitations.  42 Pa.C.S.A. § 5524.  The statute begins to run when a plaintiff knew or should have known of the violation of his rights.  *Bougher v. Univ. Of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989).  A statute of limitations defense may be raised through a 12(b)(6) motion only if it is clear from the face of the complaint that the action would be time barred.  *Benak v. Alliance Capital Mgmt., L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006).

At first glance, it would appear Collins' claims against Wright, Venneri and Barlick are time barred.  However, various

5

court of appeals, as well as district courts in the Third Circuit, have concluded that the statute of limitations is tolled for the time period during which a prisoner exhausts his administrative remedies pursuant to the Prisoner Litigation Reform Act ("PLRA"). *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Cooper v. Beard*, No. 06-0171, 2006 WL 3208783, at *8 (E.D. Pa. Nov. 2, 2006); *Houseknecht v. Doe*, No. 06-4597, 2007 WL 1853962, at *2 (E.D. Pa. June 26, 2007); *See Howard v. Mendez,* 304 F.Supp.2d 632 (M.D. Pa. 2004)(addressing tolling in the context of a *Bivens* action).  Collins alleged in both his initial and amended complaints that he filed numerous grievances.  A reasonable inference from such allegations is that he was adhering to the dictates of the PLRA, that he exhaust his administrative remedies.  As explained earlier, the limitations period for a § 1983 claim is tolled while a prisoner exhausts his remedies.  It is unclear from the face of the complaint whether Collins' action is time barred, and we cannot determine whether, or for how long, there was tolling.  We will deny the Defendants' motion to dismiss on statute of limitations grounds.

   *D.   Eighth Amendment - Excessive Force*

   The use of excessive force against prisoners may constitute cruel and unusual punishment under the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  The Supreme Court held that "whenever prison

officials stand accused of using excessive physical force...the core judicial inquiry is that set out in [*Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. The Supreme Court in *Hudson* "distinguished between prisoner conditions-of-confinement and medical-deprivation claims, on the one hand, and wanton use of unnecessary force claims on the other. Although the former kind of claim cannot survive without evidence that a deprivation was 'harmful enough'...the latter kind of claim has no such requirement." *Brooks v. Kyle*, 204 F.3d 104, 108 (3d Cir. 2000). Thus, in order to establish an Eighth Amendment excessive use of force claim, we focus on the "subjective good faith of the corrections officers." *Pabon v. State Correctional Officers Lemaster*, No. 07-805, 2008 WL 1830500 at *4 (W.D. Pa. April 23, 2008); *See also Brooks*, 204 F.3d at 108 (recognizing the discarding of the objective deprivation prong in the context of excessive use of force).

  A plaintiff need not allege serious injury to state a claim, but the Eighth Amendment does not prevent the use of de minimis or reasonable force. *Hudson,* 503 U.S. at 7, 9-10; *Ruta v. Morris*, No. 07-1832, 2007 WL 3342771, at *2 (M.D. Pa. November 7, 2007). "[T]here is no constitutional violation for 'de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Brooks*, 204 F.3d at

7

107(*quoting Hudson*, 503 U.S. at 9-10).  "The use of wanton, unnecessary force resulting in severe pain" is actionable. *Brooks*, 204 F.3d at 109; *Ruta*, No. 2007 WL 3342771 at *2.

### 1.  Defendants Rose, Richmond and Manwiller

Defendants Richmond and Manwiller argue that the allegations against them are insufficient to provide recovery for use of excessive force.  The Plaintiff alleges that Manwiller "placed" his hands on the wall, and Richmond "grabbed" him. Amended Compl. ¶ 24 and 61.  In his opposition brief, styled as a motion for relief to reply, Collins argues that Manwiller held him while others assaulted him and sprayed him with three bottles of pepper spray, and Richmond held him while another inmate attacked the Plaintiff.  Pl.'s Br. in Opp'n at ¶ 16 and 19 .  This other inmate was allegedly released by Rose in order for the inmate to attack the Plaintiff.[1] Amended Compl. ¶ 60-61.

We believe that Plaintiff's allegations, taken as a whole, are sufficient.  They raise a reasonable inference that Manwiller held the Plaintiff while other correction officers allegedly beat him.  The allegations also raise a reasonable inference that Richmond held Collins while Rose allowed an inmate to attack the Plaintiff.[2]  We will deny Manwiller, Rose and

---

[1]  In his amended complaint, the Plaintiff refers to Defendant Rose as Manny Rhodes.

[2]  In the brief in support, Defendant Rose does not address the excessive use of force claim raised against him.  He only addresses the allegations related to a strip search of the

Richmond's motions to dismiss.

### 2. Defendants Osenga, Hoerner, Roell and Smith

Plaintiff's complaint only contains his unsupported conclusion that he was assaulted by Osenga, Hoerner and Roell. Amended Compl. ¶ 67. The allegations are not enough to state a claim for use of excessive force. *See Bell Atlantic Corp.*, *supra*. These Defendants' motion to dismiss for failure to state a claim will be granted.

Plaintiff's allegation against Smith is that he "backed away as all guards entered the block." Amended Compl. ¶ 15. This single allegation is not enough to state a claim of excessive force, and we will dismiss this claim. *See Bell Atlantic Corp.*, *supra*. Additionally, in light of our Order of September 9, 2008, dismissing the verbal abuse claims against Smith, we will dismiss him as a party in this case.

*E. Eighth Amendment - Medical Claims*

The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs. *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

---

Plaintiff, which is addressed later in this Memorandum.

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Deliberate indifference may occur if, for example: (1) officials have knowledge of the need for medical care and intentionally refuse to provide it, (2) necessary medical treatment is delayed for non-medical reasons, (3) prison officials prevent an inmate from receiving recommended medical treatment, (4) prison officials' denial of reasonable requests for medical treatment exposes the inmate to undue suffering "or the threat of tangible residual injury," or (5) prison officials impose arbitrary and burdensome procedures resulting in interminable delays or denial of medical care for inmates. *Monmouth County Corr. Institutional Inmates*, 834 F.2d at 346.  The relevant inquiry is whether a defendant was: (1) deliberately indifferent (2) to the plaintiff's serious medical needs.  *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991); *Williams v. Klem*, No. 07-1044, 2008 WL 4453100 at *7 (M.D. Pa. Sept. 30, 2008).  Neither disagreement as to proper medical treatment nor allegations of malpractice by prison medical officials are sufficient.  *Monmouth County Corr. Institutional Inmates*, 834 F.2d at 346.

A "serious medical need" encompasses a two-pronged test. The first prong requires a showing that the failure to treat the prisoner's condition could lead to "substantial and unnecessary suffering, injury, or death."  *Colburn*, 946 F.2d at 1023.  Second,

the prisoner must show either that the condition was diagnosed by a physician as requiring treatment or that the condition is so obvious that a lay person would realize the need for medical attention. *Id*.

Plaintiff claims that his Eighth Amendment rights were violated when Defendants Neidigh, Hoose and Swords denied him medical treatment.[3] Defendants argue that the allegations, if true, are not sufficiently egregious to warrant relief. The allegations against Hoose are that he ignored Plaintiff's "emergency button to see medical." Amended Compl. ¶ 59. The allegation against Neidigh are that he stated that Collins was "alright" despite a "swollen cheek, a busted lip, and pain in [his] back, and sides." Amended Compl. ¶ 69. Lastly, the allegations against Swords are that he denied Plaintiff treatment for "swelling on [Collin's] face, a split lip, and pain in [his] ribs and back." Amended Compl. ¶ 68.

The allegations indicate that Collins' was suffering from injuries that required medical attention. The allegations also indicate that Defendants Neidigh, Hoose and Swords were aware of the Plaintiff's injuries, but failed to provide medical care. Each of the allegations, if true, raise a reasonable inference that these Defendants were deliberately indifferent to the

---

[3] In his amended complaint, the Plaintiff refers to Defendant Neidigh as Niegh.

11

Plaintiff's medical needs. Therefore, we will deny Defendants' Neidigh, Hoose and Swords motions to dismiss.

   *F.  Strip Searches*

Plaintiff claims that his Fourth and Eighth Amendment rights were violated when Miller subjected him to a strip search. Plaintiff raises a separate claim that his rights were violated when Rose also subjected him to strip search. It is unclear, based on the Amended Complaint, when the two strip searches occurred.

Inmates do not have a Fourth Amendment right to be free of strip searches, which can be conducted by officials without probable cause provided that the search is conducted in a reasonable manner. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Wilson v. Shannon*, 982 F.Supp. 337, 339 (E.D. Pa. 1997); *Ostrander v. Horn,* 145 F.Supp.2d 614, 620 (M.D. Pa. 2001). The reasonableness of a search in each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell,* 441 U.S. at 559. "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Id.* Other courts have found routine strip searches reasonable. *Goff v. Nix,* 803 F.2d 358, 370-71 (8th Cir. 1986); *Arruda v. Fair*, 710 F.2d 886 (1st Cir. 1983); *Campbell v. Miller*, 787 F.2d 217, 228 (7th Cir. 1986).

The Amended Complaint does not allege that the strip searches were anything other than routine searches. The Plaintiff has alleged no physical harm or force involving the strip searches. *See* Amended Compl. ¶¶ 34, 52 and 53. Even if Plaintiff's allegations are proved, we conclude that the conduct of Rose and Miller does not rise to the level of a constitutional violation. Miller's motion to dismiss for failure to state a claim will be granted, and he will be dismissed from the action. The strip search claim against Rose will also be dismissed, but he will remain in the action.

*G. Defendants DeRose, Carroll and Stewart*

Defendants DeRose, Carroll and Stewart argue that the complaint fails to allege facts that they were personally involved in the alleged assault, harassment or deprivation of medical care. They argue that the complaint offers only general and conclusory allegations that they had knowledge of the incidents. In his reply, Plaintiff argues that DeRose, Carroll and Stewart had knowledge of the alleged violations of his rights and that they failed to "fix the situation." Pl.'s Reply at ¶ 10. Plaintiff also seeks to hold Defendant DeRose liable for denial of medical care.

Respondeat superior is not a basis for imposing liability under § 1983. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997). A defendant in a § 1983 action "must have *personal involvement* in the alleged wrongs." *Rode v.*

13

*Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)(emphasis added). Personal involvement can be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence...must be made with appropriate particularity." *Id.*

Plaintiff's claims against DeRose, Carroll and Stewart are precluded by his failure to allege knowledge and acquiescence with appropriate particularity. Plaintiff alleged that the Defendants knew of the alleged incidents that occurred from April 16, 2006 to June 22, 2007, but failed to act or discipline the corrections officers they supervised.  His amended complaint offers only bald assertions that all three Defendants had "knowledge" that he was "beaten" and "harassed," and that DeRose "neglected" his medical care.  Amended Compl. ¶ 73-75.  Without specific and detailed allegations of a policy or other course of conduct showing the Defendants acquiescence, Plaintiff's claims against them must be dismissed.  DeRose, Carroll and Stewart will be dismissed from this action.[4]

---

[4]  Defendant DeRose also attacks Plaintiff's denial of medical treatment claim by arguing that the Plaintiff failed to allege that DeRose acted out of deliberate indifference and Plaintiff's complaints did not rise to the magnitude of serious medical needs.  We will not address these arguments in light of our decision dismissing the claim on other grounds.

*H.  Defendants O'Brien, Hoose and Carnazzo*

The Plaintiff alleges that Defendant O'Brien[5] fabricated a story that "she confiscated [Plaintiff's] boots and turned them in."  We will grant O'Brien's motion to dismiss for failure to state a claim, because the Plaintiff has failed to allege the personal involvement of this Defendant in any constitutional violations.  *See Rode, supra.*

The final claim against Defendant Hoose is that he disposed of Collins' legal mail and pictures.  This single allegation, without further allegations, is not enough to raise a constitutional violation.  *See Bell Atlantic Corp.*, *supra.*  We will grant Hoose's motion to dismiss.

The final claim against Defendant Carnazzo is that he did not return the Plaintiff's property.  This bald assertion or conclusion does not rise to the level of a constitutional violation.  *See Bell Atlantic Corp.*, *supra; See Buchanan, supra.*  We will grant Carnazzo's motion to dismiss.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 26, 2009

---

[5]  In his amended complaint, the Plaintiff refers to Defendant O'Brien as O'Brian.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHNNY COLLINS,                   :
        Plaintiff
                                  :

        vs.                       :   CIVIL NO. 1:CV-08-0744

WARDEN DOMINICK L. DEROSE,        :
et al.,
        Defendants                :
```

*O R D E R*

AND NOW, this 26th day of March, 2009, upon consideration of the Defendants' motions to dismiss (doc. 26), filed November 26, 2008, it is ordered that:

    1.  The motions to dismiss filed by Defendants (1) Warden DeRose, (2) Leonard Carroll, (3) Major Dennis Stewart, (4) C.O. Bradley Osenga, (5) C.O. Hoerner, (6) C.O. Roell, (7) L.T. Steve Smith, (8) C.O. Mike Miller, (9) C.O. Juanita O'Brien, and (10) L.T. Carnazzo are granted, and they are dismissed from this action.

    2.  Defendant Emanuel Rose's motion to dismiss as to the strip search claim is granted, but as to the use of excessive force, his motion to dismiss is denied.

    3.  Defendant Joseph Hoose's motion to dismiss as to the claim of disposal of legal mail and pictures is granted, but as to the denial of medical care, his motion to dismiss is denied.

    4.  The motions to dismiss filed by Defendants (1) C.O. Fred Wright, (2) C.O. Mike Venneri, (3) C.O. Scott Barlick, (4) C.O. Rowe, (5) C.O. Scott Richmond, (6) C.O. Tim

```
          Manwiller, (7) C.O. Gerald Walton, (8) L.T.
          Neidigh, (9) C.O. Swords, and (10) C.O.
          Richard Tuttle are denied.


                                     /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge
```