IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS, :
        Plaintiff
         :

     vs. : CIVIL NO. 1:CV-08-0744

WARDEN DOMINICK L. DEROSE, :
et al.,
        Defendants :

*M E M O R A N D U M*

*I.    Introduction*

       Plaintitff Johnny Collins filed this pro se civil-rights action pursuant to 42 U.S.C. § 1983 claiming, among other things, harassment, denial of medical treatment and the use of excessive force by prison guards.  Presently before the court are two motions, defendants' amended motion to compel discovery and plaintiff's motion to file an amended complaint.[1]  Plaintiff has neither responded to defendants' motion to compel nor our order granting him additional time to respond.  Therefore, we deem the defendants' motion to be unopposed pursuant to Local Rule 7.6.  After review, we will grant defendants' motion and deny plaintiff's motion.

II.    *Discussion*

    *A.    Motion to Compel*

       Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that any party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  It is well settled that Rule 26 establishes a liberal discovery

---

[1] Defendants amended their original motion to compel on March 11, 2010.

policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). As a general rule, discovery is permitted of any information that is relevant or may lead to the discovery of relevant evidence. *Lombardi v. Pugh*, No. 05-300, 2009 WL 1619952, at *1 (M.D. Pa. June 9, 2009)(citation omitted).

Federal Rule of Civil Procedure 37 grants the court enforcement powers to ensure parties' cooperation in the discovery process. Specifically, Rule 37 allows a party to move for an order compelling an answer if "a party fails to answer an interrogatory...." Fed.R.Civ.P. 37(a)(3)(B). For purposes of a Rule 37 motion, "an evasive or incomplete...answer" is treated as a failure to answer. Fed.R.Civ.P. 37(a)(4).

Rule 33 provides that a party responding to interrogatories must serve its answer and objections within thirty days of service. Fed.R.Civ.P. 33(b)(2). The rule also provides that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* at (b)(3). Furthermore, any objections must be specifically stated. *Id.* at (b)(4).

On January 8, 2010, the defendants served discovery requests upon the plaintiff. (doc. 74 pg. 4.) Collins did not timely respond to the discovery request, and subsequently defendants filed a motion to compel discovery and to enlarge time to complete discovery. Since that time, however, plaintiff has provided responses to defendants' interrogatories but has not responded to their request for production of documents. In light of this development, defendants filed an amended motion to compel and for enlargement of time. In their new motion, defendants assert that some of plaintiff's responses to the interrogatories are insufficient and they seek a court order requiring the plaintiff to fully respond. Defendants specifically take issue with plaintiff's answers to Interrogatories No. 1, 3, 4, 10, 19, 20, 24 and 25. On April 8, 2010, we granted defendants' motion for enlargement of time. We also afforded Collins an

2

additional fourteen days to respond to defendants' motion. We informed him that failing to respond would result in our deeming the motion unopposed pursuant to Local Rule 7.6.

Plaintiff has failed to respond to defendants' motion. In light of this fact and based upon our conclusion that Collin's responses and objections to defendants' interrogatories are insufficient, we will grant defendants' motion to compel.

*B. Amended Complaint*

On February 26, 2010, plaintiff filed a motion seeking leave to amend or alter the complaint. At this late date, under Fed. R. Civ. P. 15(a)(2), plaintiff requires leave of court to file an amended complaint, and we "should freely grant leave when justice so requires." *Id.* Generally, this means we should allow an amended complaint unless plaintiff has exhibited "undue delay, bad faith or dilatory motive;" "repeated failure to cure deficiencies by amendments previously allowed;" or if there is "undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Kibbie v. BP/Citibank*, No. 08-1804, 2009 WL 2950365, at *9 (M.D. Pa. Sept. 9, 2009)(quoted case omitted).

Since discovery is nearly complete and this matter has been pending for over two years, we conclude that the plaintiff has unduly delayed in seeking amendment and defendants would be prejudiced by amendment of the complaint. We will therefore deny plaintiff's motion to amend.

We will issue an appropriate order.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: May 5, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS, :
        Plaintiff
:

vs. : CIVIL NO. 1:CV-08-0744

WARDEN DOMINICK L. DEROSE, :
et al.,
        Defendants :

*O R D E R*

AND NOW, this 5th day of May, 2010, upon consideration of plaintiff's motion to amend the complaint (doc. 72) and defendants' amended motion to compel discovery (doc. 73), and pursuant to the accompanying Memorandum, it is hereby ORDERED that:

    1. Plaintiff's motion to amend the complaint is denied.

    2. Defendants' motion to compel discovery is granted.

    3. Plaintiff shall provide responses to defendants' document production requests and supplemental responses to Interrogatories Nos. 1, 2, 4, 10, 19, 20, 24, and 25, providing specific information sought in said Interrogatories, within fourteen (14) days of the date of this order.

    4. Plaintiff's failure to provide proper and full responses may result in dismissal of his claims.

    5. Furthermore, if plaintiff continues his recent conduct of failing to respond to motions and orders, this action may be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge